UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDON LENOIR                                                    PLAINTIFF

vs.                                                    Civil No. 1:24-cv-224-GHD-DAS

CITY OF ABERDEEN, MISSISSIPPI; et al.                            DEFENDANTS

## <u>MEMORANDUM OPINION</u>

Presently before the Court is Defendant Jim Riggin's Motion for Summary Judgment [Doc. No. 47] and Defendants City of Aberdeen, Mississippi, ("the City") and Quinell Shumpert's joint Motion for Summary Judgment [49]. Both seek to dismiss claims brought by Pro Se Plaintiff Brandon Lenior ("Plaintiff"), and after review, the Court finds both Motions [47, 49] should be granted.

## I.      *Background*

Though seemingly unrelated, the facts of this case start on February 13, 2023, when Plaintiff pled guilty to a felon in possession charge, receiving a ten-year suspended sentence with five years of supervised release [48]. Plaintiff's supervised release was then terminated on March 27, 2023 [48]. All was quiet until October 2, 2023, when Plaintiff was arrested for aggravated assault with a deadly weapon and booked in the Monroe County Jail [50]. Plaintiff appeared for his initial appearance in Monroe County Circuit Court on October 4, 2023, where he was appointed counsel and bond was denied by agreement of his defense counsel and the State [48]. On October 25, 2023, Plaintiff appeared for his preliminary hearing in which the Circuit Court referred his aggravated assault charge to the grand jury who indicted Plaintiff on December 4, 2023, for that charge and a separate count of possession with intent to distribute meth [50]. Plaintiff remained in custody until May 1, 2024, when the State agreed to permit Plaintiff to be released on bond [48].

Plaintiff then pled guilty to the possession with intent to distribute charge on October 9, 2024, and his aggravated assault charge was retired to the file [50].

During these events, Plaintiff filed two pro se state law actions against the Defendants in the case *sub judice* on July 2, 2024—the state court later consolidated them [50]. That consolidated action was then removed to this Court on December 31, 2024, and the instant motions for summary judgment were filed [50].

## II.    *Standard of Review*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The summary judgment movant bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable

to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III.    *Analysis and Discussion*

Plaintiff brings several federal claims under 42 U.S.C. § 1983 and state-law negligence claims against the City and the individual defendants in both their official and unofficial capacities. The Court addresses each claim below.[1]

### A. Federal Claims

The Court first considers claims against the individual defendants, to which they invoke qualified immunity [48; 50] which "is an immunity from suit rather than a mere defense to liability." *Cleveland v. Bell*, 938 F.3d 672, 675 (5th Cir. 2019) (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)) (internal quotation marks omitted). "Once a defendant asserts qualified immunity, the plaintiff bears the burden of negating it by showing that (1) the official violated a statutory or constitutional right and (2) the right was 'clearly established at the time of challenged conduct.'" *Bailey v. Ramos*, 125 F.4th 667, 674 (5th Cir. 2025) (citing *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018)) (other citations omitted).

Plaintiff alleges both individual defendants violated his Fourth and Fourteenth Amendment rights by denying him his right to an initial appearance within 48 hours of his arrest, his right to "due process of law, right to counsel, right to a preliminary hearing[,] and right to bond without

---

[1] Defendant does not expressly claim he was falsely arrested by Defendants. To the extent his unclear Amended Complaint [31] does make that claim, the independent intermediary doctrine requires its dismissal. *Hall v. Trochessett*, 105 F.4th 335, 341-42 (5th Cir. 2024).

3

unnecessary delay" [31, p. 13]. The record reveals Plaintiff cannot show either of the individual defendants violated his constitutional rights. To be sure, Plaintiff received an initial appearance within 48 hours of his October 2, 2023, arrest and was appointed counsel at that time [47-21, p. 4]. That same day, the Circuit Court judge denied bond "by agreement of Defense and State" [47-3]. Plaintiff then received his preliminary hearing on October 25, 2023,[2] where the Circuit Court judge again denied Plaintiffs' bond [47-21, p. 7]. Plaintiff was arraigned on December 4, 2023, where he was again denied bond pending his sentencing [47-8], but the State later agreed to let him be released on bond on May 1, 2024 [47-2]. The record therefore clearly contradicts Plaintiffs' allegations, showing instead, he suffered no constitutional violation. To overcome the individual defendants' qualified immunity, he must show a constitutional violation—he fails to do so.

In addition to the reasoning above, Plaintiff fails to even allege Defendant Riggin, in his capacity as Monroe County jail administrator, was *personally* involved in any of his alleged constitutional violations. Plaintiff only mentions the "defendant jail administrator" in one short paragraph of his Amended Complaint [31 (emphasis added)]:

> The defendant jail administrator, *through the defendant sheriff,* is responsible for those incarcerated in his jail, Miss. Code Ann. § 19-25-69[.] . . . Defendant Sheriff Crook should have known to put his constitutional obligations ahead of his idiosyncratic understanding of state law requirements. As such, the defendant jail administrator is not entitled to qualified immunity.

Defendant Riggin rightly points out this allegation "fails to show any direct action taken by Captain Riggin that violated [Plaintiff's] rights" [48]. The Fifth Circuit is clear, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Wells v. Collier*, 834 F. App'x 949, 950 (5th

---

[2] The Court notes twenty-one days passed between Plaintiff's initial appearance and preliminary hearing. Mississippi Rule of Criminal Procedure 6.1(a)(2) requires a party's preliminary hearing "be held within fourteen (14) days following the *demand* for preliminary hearing unless" certain other criteria are met. The record is unclear whether Plaintiff requested his preliminary hearing at his initial appearance, and there is no evidence to clarify at what time he asked *after* his initial appearance. Therefore, the Court can make no determination on whether this matter substantively affected Plaintiff's rights.

4

Cir. 2021) (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)). Based on the reasoning above, no genuine dispute exists regarding Plaintiff's claims against the Individual Defendants in either their official or unofficial capacity, and they must be dismissed.

Further, because the Court finds Plaintiff suffered no constitutional violation, his *Monell* claim against the City of Aberdeen must also be dismissed. *Wade v. City of Houston*, 110 F.4th 797, 799-800 (5th Cir. 2024) (citing *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) ("As is well established, every *Monell* claim requires an underlying constitutional violation.").

### B. State Law Claim

Plaintiff also brings a state law negligence claim against the Defendants, claiming they are "liable for negligence in that they owed the plaintiff a duty to have plaintiff before a judge for initial appearance within 48 hours of plaintiff's October 2, 2023, arrest" [31]. As discussed above, Plaintiff did receive his initial appearance within the required 48-hour time frame [47-21]. No genuine dispute of material fact exists regarding this negligence claim, and it must be dismissed.

### *IV.    Conclusion*

For the foregoing reasons, the Court finds Defendant Jim Riggin's Motion for Summary Judgment [47] and Defendants City of Aberdeen, Mississippi, and Quinell Shumpert's joint Motion for Summary Judgment [49] should be granted and all claims against them dismissed. Plaintiff's claims against the remaining defendants shall proceed.

An order in accordance with this opinion shall issue this day.

THIS, the __19th__ day of May, 2026.

_Glen H. Davidson_

SENIOR U.S. DISTRICT JUDGE

5