IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDON LENOIR                                                          PLAINTIFF

v.                                                   CIVIL NO. 1:24-cv-224-GHD-DAS

CITY OF ABERDEEN, MISSISSIPPI; et al.                                 DEFENDANTS

ORDER STRIKING ANSWER

The Plaintiff filed his original state court complaint in this matter on July 2, 2024 [2].[1] After the case was removed to this Court on December 31, 2024, the sole remaining Defendant, Assistant District Attorney Nebra Porter, timely answered the Plaintiff's original complaint on January 2, 2025 [6]. The Plaintiff then sought leave of court to amend his complaint, which was granted by the Court [30]. The Plaintiff filed his amended complaint on May 19, 2025 [31]. All the Defendants, other than Porter, timely answered the Plaintiff's amended complaint by the required deadline of June 2, 2025 [35, 39]. *See* Fed. R. Civ. P. 15(a)(3). The Defendant Porter, however, failed to answer the Plaintiff's amended complaint until June 4, 2026, over a year beyond the deadline, and only then after the Plaintiff moved for an entry of default against her [74, 75]. Porter, however, did not seek leave of court to file her untimely amended answer as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure.

It is well established that a federal district court has the power to strike an untimely answer filed without an accompanying motion for leave. See, e.g., *DirecTV, Inc. v. Young*, 195 F. App'x 212, 215 (5th Cir. 2006) (affirming district court's decision to strike answer filed eleven months late); *Janise v. United Prop. & Cas. Ins. Co.*, No. 1:20-CV-00378, 2021 WL 389084, at *3 (E.D. Tex. Feb. 3, 2021); *Moreno v. Silvertip Completion Servs. Operating, LLC*, 7:19-CV-240, 2020

---

[1] The Plaintiff actually filed two separate complaints in state court, which were consolidated by the state court [2].

WL 6867056, at *2-3 (W.D. Tex. Nov. 13, 2020) (denying defendant's motion for leave to file amended answer nearly four months after the scheduled deadline to file amended pleadings); *Bey v. Hood*, No. 6:19-CV-227, 2019 WL 3997347, at *2 (E.D. Tex. Aug. 23, 2019) (reiterating a late answer is of no effect until the court grants the defendant leave to file it); *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528, 2016 WL 10704382, at *1 (N.D. Tex. Apr. 18, 2016) (granting plaintiff's motion to strike untimely answer filed without motion for leave of court); *Boulle, Ltd. v. De Boulle Diamond & Jewelry, Inc.*, No. 3:12-CV-01462-L, 2014 WL 4261994, at *6 (N.D. Tex. Aug. 29, 2014).

Here, given the Defendant Porter's extremely untimely attempt to file her amended answer, and her failure to seek leave of court to do so, the Court *sua sponte* strikes her amended answer [75].

IT IS THEREFORE hereby ORDERED that the Defendant Nebra Porter's answer [75] to the Plaintiff's amended complaint [31] is STRICKEN from the record. The Clerk of Court shall STRIKE the subject answer [75] from the record docket in this case.

SO ORDERED, this the 22 day of June, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

2