IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDON LENOIR PLAINTIFF

v. CIVIL NO. 1:24-cv-224-GHD-DAS

CITY OF ABERDEEN, MISSISSIPPI; et al. DEFENDANTS

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the *pro se* Plaintiff's "motion for summary judgment due to default," which the Court construes as a motion for default judgment, against the Defendant Nebra Porter in this civil rights dispute [83]. Upon due consideration, the Court finds that the motion should be granted and the Court shall determine the appropriate amount of damages after the Plaintiff submits evidence regarding the amount of his damages.

The Plaintiff filed an amended complaint on May 19, 2025 [31]. The Defendant Porter failed to properly answer the Plaintiff's amended complaint. On June 23, 2026, the Court entered an Entry of Default [80]. The Plaintiff has now filed the present Motion for Default Judgment, to which the Defendant Porter has failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). First, a default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). Next, the clerk may then enter an entry of default when default

is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). Third, after an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff in the case *sub judice* has met these requirements.

Because the Defendant Porter has failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted and a default judgment in the Plaintiff's favor is warranted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted).

The Plaintiff will now be permitted to present evidence to the Court on his claims as well as the damages he alleges he suffered because of the Defendant Porter's conduct. *See* Fed. R. Civ. P. 55(b)(2).

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [83] is granted. The Court will defer entering final judgment until the Court receives and considers the Plaintiff's evidence on damages.

SO ORDERED, this the 24 day of August, 2026.

Glen H. Davidson

SENIOR U.S. DISTRICT JUDGE